# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Eugene Scalia
Direct: +1 202.955.8206
Fax: +1 202.530.9606
EScalia@gibsondunn.com

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____    │
│ DATE FILED: Apr 29, 2013         │
└─────────────────────────────────┘
```

April 26, 2013


VIA E-MAIL (FURMAN_NYSDCHAMBERS@NYSD.USCOURTS.GOV)

The Honorable Jesse M. Furman
United States District Court
  for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:    Murray v. UBS Securities LLC et al.,
       No. 12 Civ. 5914 (JMF)


Dear Judge Furman:

We represent Defendants UBS Securities LLC and UBS AG in the above-titled case.  We
write to address Plaintiff's April 17, 2013 Notice of Supplemental Authority, regarding the
decision in *Genberg v. Porter*, 2013 WL 1222056 (D. Colo. Mar. 25, 2013).

Plaintiff commends *Genberg* to the Court for its statement that, in effect, one need not be a
whistleblower as defined by Dodd-Frank to be a whistleblower under Dodd-Frank.  Plaintiff
does not commend *Genberg* for its rationale, which is distilled to a single paragraph and
merely replicates the errors in the *dicta* in *Egan v. Tradingscreen, Inc.*, 2011 WL 1672066
(S.D.N.Y. May 4, 2011), which UBS has addressed previously.  Plaintiff also cannot
commend *Genberg* for its holding, since the Dodd-Frank claim was dismissed on other
grounds.  Therefore, the court's interpretation of "whistleblower" is *dicta*.[*]

Tellingly, virtually every time a court articulates the *Egan* interpretation, it finds a new way
to express, inadvertently, that the interpretation violates rules of statutory
construction.  Thus, *Egan* conceded that a "literal reading" of subsection 78u-
6(h)(1)(A)(iii)—that is, the plain language—indicated that plaintiff was not a Dodd-Frank

---

[*]  Only one court appears to have held that Dodd-Frank whistleblowers need not be
whistleblowers as Dodd-Frank defines them.  *See* Memorandum of Law in Support of
Defendants' Motion to Dismiss the Complaint, dated September 21, 2012 [Dkt. No. 14],
at 6-7.

# GIBSON DUNN

The Honorable Jesse M. Furman
April 26, 2013
Page 2

whistleblower.  *See* 2011 WL 1672066, at \*4.  But, dissatisfied with that reading, *Egan* treated the subsection as an "exception" to the Act's definition of "whistleblower," even though the subsection obviously is not framed or intended as an exception.  It is an *application* of the "whistleblower" definition, which *Egan* eviscerated.  *See* Memorandum of Law in Support of Defendants' Motion to Dismiss the Complaint, dated September 21, 2012 [Dkt. No. 14], at 7-9.

In *Genberg*, the court's unwitting "tell" that its interpretation is erroneous is its statement that Dodd-Frank's "*plain language* mandates that in order to qualify as a whistleblower, one must provide information to the SEC," but its decision nonetheless to find coverage in circumstances that, it says, present a "direct conflict" with the "plain language."  2013 WL 1222056, at \*10 (emphasis added).  Courts cannot adopt interpretations in "direct conflict" with definitions enacted by Congress.  *Genberg* was wrong to do so.

*Gengberg* was also wrong, like *Egan,* to justify its judicially-created "exception" to the statute's language by explaining that otherwise subsection 78u-6(h)(1)(A)(iii) would be superfluous.  UBS has explained why that is so:  The subsection bars retaliation for *internal* complaints against employees who have "blown the whistle" pursuant to Dodd-Frank, giving those whistleblowers more monetary relief and a longer limitations period than non-Dodd-Frank whistleblowers.  By providing Dodd-Frank's heightened protections not only for employees' reports to the SEC but also for other, related activity, the subsection further incentivizes complaints to the SEC, which was the core purpose of the Dodd-Frank bounty provision.  Meantime, it is actually *Plaintiff*'s interpretation which deeply undermines Sarbanes-Oxley's separate whistleblower procedures.  *See* Memorandum of Law in Support of Defendants' Motion to Dismiss the Complaint, dated September 21, 2012 [Dkt. No. 14], at 8-10.

Put differently, the "whistleblower" definition identifies *who* is protected, and subsection 78u-6(h)(1)(A)(iii) identifies *what* they are protected doing.  Memorandum of Law in Support of Defendants' Motion to Dismiss the Complaint, dated September 21, 2012 [Dkt. No. 14], at 8-9.  *That* is how the provisions must be "harmonized," rather than through a judge-made "exception" in "direct conflict" with the "plain language."

\*       \*       \*

The more that courts try to explain the *Egan* interpretation, the more they illustrate—unwittingly—its glaring departure from norms of statutory interpretation.  UBS's pending Motion to Dismiss is an opportunity for this Court to buck the trend, correct these errors, and dismiss the Complaint in an opinion that is true to the purpose *and* text of Dodd-Frank.

# GIBSON DUNN

The Honorable Jesse M. Furman
April 26, 2013
Page 3


UBS also respectfully renews its request for oral argument.



Respectfully,

Eugene Scalia

ES/bmr


cc:     Robert B. Stulberg, Esq. (counsel for Plaintiff)