UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

TREVOR MURRAY,

                    Plaintiff,

            v.

UBS SECURITIES, LLC AND UBS AG,

                 Defendants.

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   April 1, 2014

12 Civ. 5914 (KPF)

<u>OPINION AND ORDER</u>

KATHERINE POLK FAILLA, District Judge:

On January 27, 2014, this Court issued an order (the "January 27 Order") granting Defendants' motion to compel arbitration of this action, and staying the action pending resolution of that arbitration.  The Court's decision to stay the action effectively prevented the parties from appealing the January 27 Order.  Plaintiff now moves, pursuant to 28 U.S.C. § 1292(b) and Federal Rule of Appellate Procedure 5(a)(3), for an order amending the January 27 Order to permit Plaintiff to petition the United States Court of Appeals for the Second Circuit for an immediate interlocutory appeal of certain sections of that Order.  Because Plaintiff has not satisfied the statutory requirements for Section 1292(b) certification, his motion for amendment and certification for interlocutory appeal is denied.

# BACKGROUND[1]

## A.    The Underlying Litigation

On August 2, 2012, Trevor Murray filed this action against UBS Securities, LLC, and UBS AG (collectively, "Defendants") under 15 U.S.C. § 78u-6(h), the anti-retaliation provision (the "Anti-Retaliation Provision") of the Dodd-Frank Wall Street Reform and Consumer Act of 2010, Pub. L. No. 111-203, 124 Stat. 1376 ("Dodd-Frank").  (Dkt. #1).  In short, Plaintiff alleged that Defendants violated the Anti-Retaliation Provision in terminating Plaintiff's employment after, and as a result of, Plaintiff making certain disclosures protected under Section 806 of the Sarbanes-Oxley Act of 2002, Pub. L. No. 107-204, 116 Stat. 745 ("Sarbanes-Oxley").  (*See id.*)

## B.    The Motion to Compel Arbitration and the January 27 Order

On June 14, 2013, Defendants moved pursuant to the Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 1-14, to compel Plaintiff to arbitrate the claim raised in his Complaint in accordance with Plaintiff's employment agreement with UBS AG (the "Employment Agreement") and with the Uniform Application for Securities Industry Registration or Transfer ("Form U-4") that Plaintiff completed as a condition of his employment.  (Dkt. #27).  In Plaintiff's opposition, filed on July 19, 2013, he argued that (i) his claim — which he contended arose under Sarbanes-Oxley, and not the Anti-Retaliation Provision — was not arbitrable because the Employment Agreement and Form

---

[1]    The Court assumes familiarity with the facts of this case as set forth in the January 27 Order. (Dkt. #36).  In this Opinion, Plaintiff's supporting memorandum is referred to as "Pl. Br."; Defendants' memorandum in opposition is referred to as "Def. Opp."; and Plaintiff's reply memorandum is referred to as "Pl. Reply."

U-4 exempted Plaintiff's claim from arbitration, and (ii) mandatory arbitration of his action was precluded as a matter of law under Sarbanes-Oxley's prohibition of predispute arbitration agreements. (Dkt. #34). The motion was fully submitted on August 2, 2013, when Defendants filed their reply. (Dkt. #35).

The Court's January 27 Order, as noted, granted Defendants' motion to compel arbitration of this action and stayed the action pending resolution of the arbitration. *Murray* v. *UBS Sec.*, LLC, No. 12 Civ. 5914 (KPF), 2014 WL 285093, at *14 (S.D.N.Y. Jan. 27, 2014). In so doing, the Court issued two rulings that Plaintiff seeks to appeal. First, in Section 2(b)(i) of the Order, the Court held that Plaintiff's claim arises under the Anti-Retaliation Provision, which does not include a prohibition against predispute arbitration agreements, and not under Sarbanes-Oxley. *Id.* at *9. As support, the Court noted that Plaintiff's Complaint recited only a violation of the Anti-Retaliation Provision; it stated that the Court's jurisdiction arose under the Anti-Retaliation Provision; and it demanded the enhanced remedy only available under the Anti-Retaliation Provision. *Id.* Further proof that Plaintiff had not brought a claim under Sarbanes-Oxley included the fact that Plaintiff had not exhausted his statutorily mandated administrative remedies for a Sarbanes-Oxley claim, as evidenced by his pending claim with the Occupational Safety and Health Administration of the Department of Labor ("OSHA"). *Id.* Second, in Section 2(b)(ii) of the Order, the Court held that Plaintiff's claim was not within the exceptions in the parties' arbitration agreements (i.e., the

Employment Agreement and Form U-4) because those agreements precluded arbitration of claims under Sarbanes-Oxley, which, the Court had just held, Plaintiff's was not.  *Id.* at *10.

The Court stayed, rather than dismissed, the action pending resolution of the arbitration, in accordance with the Second Circuit's admonitions in *Salim Oleochemicals* v. *M/V Shropshire*, 278 F.3d 90, 93 (2d Cir. 2002) (instructing that "[d]istrict courts should continue be mindful of this liberal policy favoring arbitration agreements," and that "unnecessary delay of the arbitral process through appellate review is disfavored").  *Murray*, 2014 WL 285093, at *14.  Because the Court's decision to stay the action precluded the parties from appealing the January 27 Order, on February 27, 2014, Plaintiff filed the pending motion requesting that the Court amend the Order to include language that would permit Plaintiff to petition the Second Circuit for an immediate interlocutory appeal of Sections B(2)(i) and (ii) of the Order.  (Dkt. #37).  Defendant filed an opposition on March 3, 2014 (Dkt. #42), and on March 7, 2014, the motion was fully submitted when Plaintiff filed his reply (Dkt. # 43).[2]

---

[2]    Plaintiff argues that the Court should not consider Defendants' opposition because it was untimely filed by three days.  (Pl. Reply 3).  Although Defendants' opposition was untimely, its untimeliness was minimal, did not prejudice Plaintiff, and did not impact the resolution of this motion.  In the interest of justice and in order to have a complete record, the Court will consider Defendants' opposition.  *Quiroz* v. *U.S. Bank Nat. Ass'n*, No. 10 Civ. 2485 (KAM) (JMA), 2011 WL 3471497, at *1 (E.D.N.Y. Aug. 5, 2011) ("For purposes of having a complete record, however, the court will consider these submissions."); *Evans* v. *Port Auth. of New York and New Jersey*, 192 F. Supp. 2d 247, 251 n.5 (S.D.N.Y. 2002) (considering untimely submissions).

## DISCUSSION

### A.    Applicable Law

Section 16(b) of the FAA provides generally that "an appeal may not be taken from an interlocutory order ... granting a stay of any action under section 3 of this title," 9 U.S.C. § 16(b)(1), or "compelling arbitration under section 206 of this title," *id.* § 16(b)(3).   The Second Circuit has recognized that this provision "furthers [the FAA's] aim of eliminating barriers to arbitration by promoting appeals from orders barring arbitration and limiting appeals from orders directing arbitration." *Ermenegildo Zegna Corp.* v. *Zegna*, 133 F.3d 177, 180 (2d Cir. 1998) (internal quotation marks and brackets omitted).

Section 16(b) permits appellate review of orders that a district court certifies for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).   *See* 9 U.S.C. § 16(b) ("Except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order...."); 28 U.S.C. § 1292(b) (noting that, upon certification as an interlocutory appeal from the district court, the relevant Court of Appeals may, "*in its discretion*, permit an appeal to be taken from such order" (emphasis added)); *see generally Accenture LLP* v. *Spreng*, 647 F.3d 72, 74-75 (2d Cir. 2011) (concluding that the Second Circuit lacked jurisdiction to review an order refusing to enjoin arbitration that the district court had not certified for immediate interlocutory review).   Under Section 1292(b), a district court may certify an order for interlocutory appeal when it is "of the opinion that such order [i] involves a controlling question of law [ii] as to which there is substantial ground for difference of opinion and [iii] that an

5

immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also Casey* v. *Long Island R.R. Co.*, 406 F.3d 142, 145-46 (2d Cir. 2005).[3]  Section 1292(b) must be strictly construed because "the power to grant an interlocutory appeal must be strictly limited to the precise conditions stated in the law." *Klinghoffer* v. *S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990) (internal quotation marks and brackets omitted).  The movant bears the burden of demonstrating that all three of the substantive criteria are met.  *See Casey*, 406 F.3d at 146 ("[Section 1292(b)], by its terms, thus imposes both procedural and substantive requirements on a would-be appellant.").

"It is a basic tenet of federal law to delay appellate review until a final judgment has been entered."  *Koehler* v. *Bank of Bermuda LTD*, 101 F.3d 863, 865 (2d Cir. 1996).  In that regard, "'federal practice strongly disfavors discretionary interlocutory appeals [as they] prolong judicial proceedings, add delay and expense to litigants, burden appellate courts, and present issues for decisions on uncertain and incomplete records, tending to weaken the precedential value of judicial opinions.'"  *S.E.C.* v. *Straub*, No. 11 Civ. 9645 (RJS), 2013 WL 4399042, at *2 (S.D.N.Y. Aug. 5, 2013) (quoting *In re World Trade Ctr. Disaster Site Litig.*, 469 F. Supp. 2d 134, 144 (S.D.N.Y. 2007)); *see*

---

[3]     Federal Rule of Appellate Procedure 5(a)(3) provides the avenue by which a district court may amend its order to grant a party permission to petition for an interlocutory appeal:

> If a party cannot petition for appeal unless the district court first enters an order granting permission to do so or stating that the necessary conditions are met, the district court may amend its order, either on its own or in response to a party's motion to include the required permission or statement.

Fed. R. App. P. 5(a)(3).

also Glatt v. *Fox Searchlight Pictures, Inc.*, No. 11 Civ. 6784 (WHP), 2013 WL
5405696, at *1 (S.D.N.Y. Sept. 17, 2013) ("Interlocutory appeals are strongly
disfavored in federal practice").  The Second Circuit has further emphasized
that Section 1292(b) certification should be "strictly limited because 'only
exceptional circumstances [will] justify a departure from the basic policy of
postponing appellate review until after the entry of a final judgment.'"  *In re
Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (quoting *Klinghoffer*, 921 F.2d at 25).

   "Section 1292(b) was not intended to open the floodgates to a vast
number of appeals from interlocutory orders in ordinary jurisdiction, or to be a
vehicle to provide early review of difficult rulings in hard cases."  *Lidle* v. *Cirrus
Design Corp.*, No. 08 Civ. 1253 (BSJ) (HBP), 2010 WL 4345733, at *2 (S.D.N.Y.
Oct. 29, 2010) (internal quotation marks omitted).  So as to uphold that
principle, a district court should "exercise great care in making a [Section]
1292(b) certification," *Westwood Pharm., Inc.* v. *Nat'l Fuel Gas Distrib. Corp.*,
964 F.2d 85, 89 (2d Cir. 1992), and only grant a motion for certification in
"exceptional cases where early appellate review might avoid protracted and
expensive litigation," *In re Buspirone Patent Litig.*, 210 F.R.D. 43, 49 (S.D.N.Y.
2002) (internal quotation marks omitted).  "[E]ven where the three legislative
criteria of Section [] 1292(b) appear to be met, district courts retain unfettered
discretion to deny certification if other factors counsel against it."  *In re
Facebook, Inc., IPO Sec. and Derivative Litig.*, No. 12 Civ. 2389 (RWS), 2014 WL
988549, at *2 (S.D.N.Y. Mar. 13, 2014); *Transp. Workers Union of Am., Local*

*100* v. *New York City Transit Auth.*, 358 F. Supp. 2d 347, 351 (S.D.N.Y Feb. 25, 2005).

**B.    Analysis**

**1.    The January 27 Order Did Not Involve a Controlling Question of Law**

"[A] question of law is 'controlling' if reversal of the district court's order would terminate the action." *Klinghoffer*, 921 F.2d at 24.  The Second Circuit has identified, as examples, orders involving "issues of in personam and subject matter jurisdiction."  *Id.*  When making this determination, a district court should also consider whether "reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action; or, the certified issue has precedential value for a large number of cases."  *Dev. Specialists, Inc.* v. *Akin Gump Strauss Hauer & Feld LLP*, No. 11 Civ. 5994 (CM), 2012 WL 2952929, at *4 (S.D.N.Y. July 18, 2012); *accord Peters* v. *Jinkosolar Holding Co., Ltd.*, No. 11 Civ. 7133 (JPO), 2012 WL 946875, at *14 (S.D.N.Y Mar. 19, 2012).

The Court's holdings at Section B(2)(i) and (ii), i.e., that Plaintiff's claim arises under the Anti-Retaliation Provision and does not fall within the exceptions to arbitration in the parties' agreements, do not satisfy these criteria.  Reversal of either one of these decisions would not terminate the action, but rather would return the action to this Court for litigation.  To be sure, reversal could affect the "conduct" of the action by eliminating the arbitration, but such a consequence is not sufficient to warrant certification.  Indeed — and as certainly contemplated by Congress in enacting, and then

8

clarifying, Section 16(b) — courts in this Circuit have denied motions for certification where reversals of the orders at issue would have allowed the parties to forgo arbitration entirely.  *See, e.g.*, *Levitt* v. *Lipper Holdings, LLC*, No. 03 Civ. 266 (RO), 2006 WL 944450, at *1 (S.D.N.Y. Apr. 12, 2006) (denying motion for certification for interlocutory appeal of an order compelling the parties to arbitrate); *Ryan, Beck & Co., LLC* v. *Fakih*, 275 F. Supp. 2d 393, 398 (E.D.N.Y. 2003) (same); *Martens* v. *Smith Barney, Inc.*, 238 F. Supp. 2d 596, 602 (S.D.N.Y. 2002) (same); *see also In re XO Commc'n, Inc.*, No. 03 Civ. 1898 (DC), 2004 WL 360437, at *6 (S.D.N.Y. Feb. 26, 2004) (denying motion for certification for interlocutory appeal of an order from the bankruptcy court compelling the parties to arbitrate).

The Court doubts that the January 27 Order will have precedential value over a large number of cases, especially considering that it is not aware, and Plaintiff does not point to, any similar pending cases.[4]  Even if it would, under the assumption that because a large sector of the financial industry enters into the agreements at issue, more disputes like this are bound to be filed, this fact alone would not warrant certification.  As the Second Circuit has instructed: "[T]he impact that an appeal will have on other cases is a factor that we may take into account in deciding whether to accept an appeal that has been properly certified by the district court.  But that is not the same as defining a 'controlling question of law' in terms of its precedential value."  *Klinghoffer*, 921

---

[4]    The Court notes that Plaintiff's argument as to the "controlling question of law" prong of the Section 1292(b) inquiry is in tension with his argument as to the "substantial ground for difference of opinion" prong, *viz.*, that review is necessary because of the paucity of cases on the subject.  (*See* Pl. Br. 4-6).

F.2d at 24.  Accordingly, the first requirement for Section 1292(b) certification

is not present.  *See Ryan, Beck & Co., LLC*, 275 F. Supp. 2d at 396 (denying

motion for certification for interlocutory appeal of an order requiring the parties

to arbitrate; holding that the issue of arbitrability was not "controlling" because

the movant "made no showing that reversal of the Court's limited ruling would

either result in dismissal, significantly affect the conduct of the case, or have

precedential value for a large number of cases" (internal quotation marks

omitted)).

Although the Court could stop here, *see Straub*, 2013 WL 4399042, at *2

("These three criteria are 'conjunctive, not disjunctive,' and courts may only

certify an interlocutory appeal where all three are satisfied."), in the interest of

being cautious and prudent, it will assess the remaining two requirements.

### 2.   There Is Not a Substantial Ground for Difference of Opinion Concerning the Questions of Law Addressed in Sections B(2)(i) and (ii)

A substantial ground for difference of opinion exists "when '[i] there is

conflicting authority on the issue, or [ii] the issue is particularly difficult and of

first impression for the Second Circuit.'"  *Capitol Records, LLC* v. *Vimeo, LLC*,

No. 09 Civ. 10101 (RA), 2013 WL 6869648, at *10 (S.D.N.Y. Dec. 31, 2013)

(quoting *In re Enron Corp.*, No. 06 Civ. 7828 (SAS), 2007 WL 2780394, at *1

(S.D.N.Y. Sept. 24, 2007)).  Neither of these requirements is satisfied here.

Contrary to Plaintiff's assertions (Pl. Br. 4), there is not conflicting

authority on this issue.  In support of his argument, Plaintiff points to *Holmes*

v. *Air Liquide USA LLC*, No. H-11-2580, 2012 WL 267194 (S.D. Tex. Jan. 30,

2012), a Southern District of Texas decision, and *Ruhe* v. *Masimo Corp.*, No. SACV 11-00734-CJC (JCGx), 2011 WL 4442790 (C.D. Cal. Sept. 16, 2011), a Central District of California decision.  The court in *Ruhe* concluded that Sarbanes-Oxley's anti-arbitration provision did not apply to the Anti-Retaliation Provision, 2011 WL 4442790, at *4, and this Court relied on that opinion in its January 27 Order.  The *Holmes* and *Ruhe* decisions are not in conflict, however, because the court in *Holmes* did not address the issue of whether the plaintiff's claim arose under the Anti-Retaliation Provision.

The plaintiff in *Holmes* brought claims under the Americans with Disabilities Act and Title VII of the Civil Rights Act, among other laws prohibiting discrimination.  *Holmes*, 2012 WL 267194, at *1.  In an effort to avoid arbitrating her claims, the plaintiff argued that the arbitration provision at issue was rendered invalid by sections of Dodd-Frank amending the Commodities Exchange Act, 7 U.S.C. § 26(n)(2), and Sarbanes-Oxley, 18 U.S.C. § 1514A(e).  *Id.* at 4.  Specifically, the plaintiff maintained, "if an arbitration agreement requires arbitration of disputes arising under those sections, then the entire agreement is invalid and no dispute (including disputes not arising under the relevant sections and entirely unrelated to Dodd-Frank) is subject to [arbitration]."  *Id.*

The plaintiff in *Holmes* relied not at all on the Anti-Retaliation Provision. *See* 2012 WL 267194, at *4 (construing plaintiff's argument as one that "agreements requiring the arbitration of all federal statutory claims are rendered invalid by the passage of Dodd-Frank simply because, without having

anticipated the statute, the agreements implicitly require arbitration of claims arising under it").  In rejecting the plaintiff's argument, the court explicitly recognized the inapplicability of Dodd-Frank when it stated: "The Court emphasizes that this is not a case in which the dispute arises under Dodd-Frank."  *Id.*  Then in passing, and without any analysis or indication that the Anti-Retaliation Provision was even considered, the court stated that "it is clear that any agreement requiring the arbitration of [a dispute under Dodd-Frank] would be invalid."  *Id.*  This judicial musing cannot suffice to warrant the extraordinary remedy of interlocutory review.

Accordingly, neither *Holmes*, nor any other decision of which the Court is aware, creates conflicting authority on the issues Plaintiff seeks to appeal.  In any event, even if the Court were to accept Plaintiff's argument that *Holmes* and *Ruhe* conflict, that would not be sufficient to grant Plaintiff's motion. Courts have repeatedly found that "[d]isagreement among courts outside the Second Circuit does not establish a substantial ground for difference of opinion."  *Colon ex rel. Molina* v. *BIC USA, Inc.*, No. 00 Civ. 3666 (SAS), 2001 WL 88230, at *2 (S.D.N.Y. Feb. 1, 2001); *see also In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig.*, No. MDL 1358 (SAS), 2005 WL 39918, at *2 (S.D.N.Y. Jan. 6, 2005) ("[D]isagreement outside this Circuit … [does not] demonstrate a substantial ground for a difference of opinion."); *In re NASDAQ Market Makers Antitrust Litig.*, 938 F. Supp. 232, 253 (S.D.N.Y. 1996) ("Those opinions [from other district courts] do not control in this Circuit and do not themselves create 'substantial grounds' for a difference of opinion.").

It is true that the Second Circuit has not addressed these issues, but "the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *In re Flor*, 79 F.3d at 284; *Peters*, 2012 WL 946875, at *14 ("The Second Circuit has cautioned, however, that the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." (internal quotation marks omitted)). Rather, the district court must "analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a *substantial* ground for dispute." *In re Flor*, 79 F.3d at 284 (emphasis in original).

Although precedent on the issues is lacking, the issues themselves are not particularly difficult. As this Court already found, congressional intent is clear on the face of the statutes. *Murray*, 2014 WL 285093, at *11 ("There is also nothing in the statutory text to indicate that Congress intended for the Sarbanes-Oxley predispute provisions to apply to the Anti-Retaliation Provision."). Congress included a prohibition against predispute arbitration agreements for claims arising under Sarbanes-Oxley, 18 U.S.C. § 1514A(e), but did not include such a prohibition for claims arising under the Anti-Retaliation Provision, 15 U.S.C. § 78u-6(h).

That Plaintiff brought only claims arising under the Anti-Retaliation Provision is clear from both the Complaint and Plaintiff's conduct to date. As

the Court identified in its prior opinion, *Murray*, 2014 WL 285093, at *9, Plaintiff's Complaint recited a violation of the Anti-Retaliation Provision, alleged that the Court had jurisdiction under that provision, and sought remedies available only under that provision.  Plaintiff's filing of a second action before this Court, *Murray* v. *UBS Sec.*, *LLC, et al.*, No. 14 Civ. 927 (KPF), for his claim under Sarbanes-Oxley, is yet further confirmation that Plaintiff's Complaint in this action arose solely under the Anti-Retaliation Provision.  Moreover, the Court's decision is consistent with *Ruhe*, the only decision found by the Court that addresses this issue.  For all of these reasons, the Court's determinations at Sections B(2)(i) and (ii) of the January 27 Order were firmly rooted in the law and supported by the record.

Because the issues presented are not particularly difficult (if of first impression in this Circuit), and because Plaintiff has not pointed to a substantial split among district court rulings on this issue in this Circuit, the second requirement for certification is not met.  *See, e.g., Salim Oleochemicals, Inc.* v. *M/V Shropshire*, 177 F. Supp. 2d 159, 162 (S.D.N.Y. 2001) (denying motion for interlocutory appeal because "[t]he issue presented was not difficult and of first impression, nor have plaintiffs pointed to a substantial split in Second Circuit district court rulings on the issue" (internal quotation marks and citations omitted)).

14

### 3. An Immediate Appeal Will Not Materially Advance the Ultimate Termination of the Litigation

Courts place particular emphasis on the last factor — whether immediate appeal will materially advance the ultimate termination of the litigation. *See Koehler*, 101 F.3d at 865 ("The use of § 1292(b) is reserved for those cases where an intermediate appeal may avoid protracted litigation."). "An immediate appeal is considered to advance the ultimate termination of the litigation if that appeal promises to advance the time for trial or to shorten the time required for trial." *Transp. Workers Union of Am., Local 100*, 358 F. Supp. 2d at 350 (internal quotation marks omitted); *Peters*, 2012 WL 946875, at *13 ("Courts have held that immediate appeal advances the ultimate termination of litigation if the appeal promises to advance the time for trial or to shorten the time required for trial.").

Plaintiff argues that certifying the issues for interlocutory appeal "will advance the ultimate termination of the litigation *if* the Order is reversed because a reversal will prevent the parties from delaying the litigation by engaging in costly and unnecessary arbitration proceedings." (Pl. Br. 6 (emphasis added)). Plaintiff's argument prevails only if this Court's decision is reversed; if the Second Circuit affirms the Court's decision, or rather yet, declines to hear Plaintiff's appeal, the result will be that this action will have been unnecessarily delayed by the interlocutory appeal. Moreover, it is safe to assume that the appeal process will take longer than the arbitration, thereby extending the time in which a final decision on the merits is rendered. *Owner-Operator Indep. Drivers Assoc., Inc.* v. *Swift Transp. Co., Inc.*, No. CV 02-1059-

PHX-PGR, 2004 WL 5376210, at *1 (D. Ariz. July 28, 2004) ("The Court also

has to consider that since the appeal process would realistically take far longer

than would the arbitration process, an interlocutory appellate ruling adverse to

the plaintiffs would only prolong the termination of the plaintiffs' claims

against [certain defendants].").  In light of these competing outcomes, the

Court's confidence in its prior decision, and the fact that certifying the issues

for interlocutory appeal would only delay adjudication of the merits of this

action in the arbitral forum, the Court cannot find that granting certification

would "promise" to materially advance the ultimate termination of this action

so as to establish this final requirement.  *Westwood Pharm., Inc.*, 964 F.2d at

89 (expressing disapproval of district court's Section 1292(b) certification where

it was "not clear" to the Second Circuit that its disposition of the certified

issues would "materially advance the ultimate determination of [the] case"); *In

re XO Commc'n, Inc.*, 2004 WL 360437, at *6 (holding that interlocutory appeal

of a bankruptcy court order compelling arbitration and staying the bankruptcy

action "would not materially advance the ultimate termination of the litigation"

because it "would only delay matters, as a resolution of the merits would only

be further delayed"); *Owner-Operator Indep. Drivers Assoc., Inc.*, 2004 WL

5376210, at *1 ("While an interlocutory appellate ruling in the plaintiffs' favor

potentially might eliminate the time required to obtain what might otherwise be

an unenforceable arbitration award, the Court has to consider that such a

ruling would not terminate this action; it would merely return the plaintiffs'

claims against M.S. Carriers to this Court for further litigation.").

16

More importantly, allowing certification of the Court's order would be inconsistent with the "national policy favoring arbitration," *AT&T Mobility LLC* v. *Concepcion*, 131 S. Ct. 1740, 1749 (2011), and the Second Circuit's distaste for delaying "the arbitral process through appellate review," *Salim Oleochemicals*, 278 F.3d at 93. This, too, militates in favor of denying Plaintiff's motion. *See, e.g.*, *Maye* v. *Smith Barney Inc.*, 903 F. Supp. 570, 574 (S.D.N.Y. 1995) (denying motion for interlocutory appeal on the basis that, among other things, "granting appeal at [that] time would frustrate the pro-arbitration policy of the FAA and would not 'materially advance the ultimate termination of the litigation' where the parties have not yet arbitrated their claims, a process which could narrow the issues in dispute"); *Ryan, Beck & Co., LLC*, 275 F. Supp. 2d at 398 (denying motion for interlocutory appeal, noting that "the Second Circuit observed in *Salim Oleochemicals* v. *M/V Shropshire*, 278 F.3d 90, 93 (2d Cir. 2002), [that] an important policy consideration is the "pro-arbitration tilt" of the governing statute, the Federal Arbitration Act … [and that] [u]nnecessary delay of the arbitral process through appellate review is disfavored"); *see also Owner-Operator Indep. Drivers Ass'n, Inc.*, 2004 WL 5376210, at *1 ("[M]ilitating against the requested certification is the fact that it would frustrate the decidedly pro-arbitration tilt of the Federal Arbitration Act, with its concomitant policy of avoiding unnecessary delays in prosecuting arbitrations in part through the discouragement of immediate appellate review of orders compelling arbitration."); *see generally* 9 U.S.C. § 16(b).

With none of the Section 1292(b) requirements met, and this case being far from an "exceptional" case that would warrant an interlocutory appeal, the Court declines to grant certification.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion is DENIED.

The Clerk of Court is directed to terminate Docket Entry 37, and keep this case on the suspense calendar.

SO ORDERED.

Dated:     April 1, 2014
           New York, New York

_____
     KATHERINE POLK FAILLA
     United States District Judge

18